# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE KUYKENDALL, HAILEY LYTLE, ROWAN McCOY, ZOE WALKER, JASMINE DURDEN and JACHURA LAWTON, <br><br> Petitioners/Plaintiffs, <br><br> v. <br><br> TROP INC, d/b/a/ PINK PONY; PONY TAIL, INC. d/b/a/ CLUB ONYX; TERI L. GALARDI, Individually and in her capacities of President and owner of Trop Inc., and President and CEO of Pony Tail, Inc., MIKE KAP, Individually; RICK HAYES, Individually, and Jeff Jones, Individually, and JEFF JONES, Individually, <br><br> Respondents/Defendants. | CIVIL ACTION FILE <br> NO. _____ |

## PETITION/COMPLAINT TO COMPEL ARBITRATION AND FOR SPECIFIC PERFORMANCE

NOW COME Petitioners/Plaintiffs Stephanie Kuykendall, Hailey Lytle, Rowan McCoy, Zoe Walker, Jasmine Durden and Jachura Lawton, and pursuant to 9 U.S.C. §4, the Fair Labor Standards Act, 29 U.S.C. §216 et seq, O.C.G.A. §23-2-130, and hereby submit their Petition/Complaint to Compel Arbitration and For Specific

Performance as follows:

## JURISDICTION AND VENUE

1.

The Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 1367, 29 U.S.C. §216(b), and 9 U.S.C. §4.

2.

Venue is properly laid in this Court as Defendants/Respondents are residents of this judicial district, and Petitioners' underlying FLSA causes of action arose in this judicial district.

## PARTIES

3.

Plaintiffs/Petitioners Stephanie Kuykendall, Hailey Lytle, Rowan McCoy and Zoe Walker were employed as dancers-entertainers by Defendants Trop Inc., d/b/a Pink Pony, Teri L. Galardi, individually, Mike Kap, individually, and Jeff Jones individually during the three year period prior to May 13, 2016.

4.

Plaintiffs/Petitioners Jasmine Durden and Jachura Lawton were employed as dancers-entertainers by Defendants Pony Tail, Inc. d/b/a Club Onyx, Teri L. Galardi, Individually, Mike Kap, Individually, and Rick Hayes, Individually during the three

year period preceding May 13, 2016.

5.

Defendant Trop, Inc. is a Georgia Corporation subject to the jurisdiction of this Court. Defendant Trop, Inc., may be served with process via service on its President, Teri L. Galardi, at her business address of 2555 Chantilly Drive, Atlanta, Ga., 30324.

6.

Defendant Pony Tail, Inc. is a Georgia Corporation subject the jurisdiction of this Court. Defendant Pony Tail, Inc., may be served with process via service on its President, Teri L. Galardi, at her business address of 2555 Chantilly Drive, Atlanta, Ga., 30324.

7.

Defendant Teri L. Galardi is a natural person subject to the jurisdiction of the Court. Galardi was an employer of each Plaintiff/Petitioner during their employment with Trop, Inc. or Pony Tail, Inc. At all times relevant to this action, Galardi was owner, director, officer, and agent of Defendants/Respondents Trop, Inc., and Pony Tail, Inc. Galardi may be served with process at her business address of 2555 Chantilly Drive, Atlanta, Ga., 30324.

8.

Defendant Mike Kap is a natural person who is subject to the of this Court. Kap was an employer of each Plaintiff/Petitioner during their employment with Trop, Inc., Pony Tail, Inc. At all times relevant to this action, Kap was a manager, employee and agent of Defendants/Respondents Trop, Inc., and Pony Tail, Inc. Kap may be served with process at his business address of 2555 Chantilly Drive, Atlanta, Ga., 30324.

9.

Defendant Rick Hayes is a natural person who is subject to the of this Court. Hayes was an employer of Plaintiffs/Petitioners Durden and Lawton during their employment with Pony Tail, Inc. At all times relevant to this action, Hayes was a manager, employee and agent of Defendant/Respondent Pony Tail, Inc. Hayes may be served with process at his business address of 1888 Cheshire Bridge Road, Atlanta, Ga., 30324.

10.

Defendant Jeff Jones is a natural person who is subject to the of this Court. Jones was an employer of Plaintiffs/Petitioners Kuykendall, Lytle, McCoy and Walker during their employment with Trop, Inc. At all times relevant to this action, Jones was a manager, employee and agent of Defendant/Respondent Trop, Inc.

Jones may be served with process at his business address of 1837 Corporate Blvd. NE, Atl., Ga.

## FACTUAL ALLEGATIONS

11.

Defendants are "employers" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq* ("FLSA")  During the applicable limitations period, Defendants misclassified Plaintiffs as "independent contractors", when Plaintiffs were in fact "employees", in violation of the FLSA.

12

The following Plaintiffs/Petitioners signed arbitration agreements with the Defendants on the dates indicated below.

| **Dancer** | **Date** | **Club** |
|---|---|---|
| Jasmine Durden: | 2/20/2015 | Onyx (Pony Tail Inc) |
| Hailey Lytle | 6/24/2015 | Pony (Trop Inc) |
| Rowan McCoy | 8/18/2014 | Pony (Trop Inc) |

True and accurate copies of these signed arbitration agreements are attached hereto as **Exhibit "1".**

13.

The Arbitration agreements referenced in Par. 12 required that legal disputes between the dancers/entertainers and "the Club, its owners, directors, officers,

managers, employees, or agents" be settled via binding arbitration.

14.

The Agreements referenced in Par. 12 called for any necessary arbitrations to be conducted by the American Arbitration Association ("AAA") pursuant to AAA's employment arbitration rules, which required that Defendants pay required filing fees. **[Exhibit "2"]**

15.

While employed by the Defendants Trop, Inc., Galardi, Kap, and Jones, Plaintiffs Kuykendall and Walker also entered into arbitration agreements with said employers. Similarly, while employed by Defendants Pony Tail, Inc.., Galardi, Kap, and Hays, Plaintiff Lawton entered into an arbitration agreement with said employers.

16.

The Agreements referenced in Par. 15 called for any necessary arbitrations to be conducted by the American Arbitration Association ("AAA") pursuant to AAA's employment arbitration rules, which required that Defendants pay required filing fees.

17.

AAA's Employment Arbitration Rules specifically provide that the employer (here, the Defendants/Respondents) are responsible for the payment of all fees and

expenses charged by AAA, including filing fees and arbitrator compensation. See, **Exhibit "2".**

18.

Subsequent to the parties having agreed to arbitrate their disputes, on about May 11, 2016,, Plaintiffs/ Petitioners made formal demands for arbitration with AAA of their legal claims that Defendants/Respondents violated the FLSA by misclassifying them as "independent contractors", and thereby failing to pay them the minimum wages ($7.25 per hour) specified under the Act. See, **Exhibit "3".**

19.

On or about August 4, 2016, AAA sent correspondence to the parties. Therein, AAA stated:

> ...[T]he employer has not paid $1500.00, which represents its share of the filing fee...If we do not receive payment by [various dates certain], we will cease administration of this dispute....**Claimant is not obligated to pay this fee and has complied with the Employment Rules' filing requirements**. [emphasis in original]

See, **Exhibit "4".**

20.

Respondents thereafter willfully failed and refused to make payments required of them under their Arbitration Policy and the AAA, thereby refusing to participate

in the arbitrations. Accordingly, on or about August 25, 2016, AAA closed its files and discontinued administrative processing of the cases. See, **Exhibit "5".**

21.

On or about October 19, 2016, Defendants/Respondents Galardi, Kap, Hayes, and Jones confirmed their agreement to arbitrate Plaintiffs'/Respondents' FLSA claims, but insisting on using non-AAA arbitrators. **[Exhibit "6"]**

22.

Petitioners are aggrieved by Defendants'/ Respondents' failure and refusal to arbitrate in the manner explicitly set forth in the arbitration agreement, and Defendants'/Respondents are in default as to their obligations arising under same.

### SUBSTANTIVE ALLEGATIONS: COUNT ONE: REFUSAL TO ARBITRATE: 9 U.S.C. §4

23.

Defendants/Respondents have failed and refused to arbitrate Plaintiffs'/Petitioners claims arising under the Fair Labor Standards Act in accordance with the terms of the arbitration agreement between the parties and the applicable AAA rules.

24.

Petitioners are therefore entitled to an Order compelling Respondents to

proceed with arbitration in accordance with the terms of the applicable written arbitration agreement and AAA rules, including the payment of all AAA and Arbitrator fees, as specified in the arbitration agreement.

## COUNT TWO: SPECIFIC PERFORMANCE

25.

Respondents/Defendants have willfully breached their written contract to arbitrate disputes with the Petitioners by failing and refusing to arbitrate the instant dispute.

26.

Respondents' performance of their obligations under the contract to arbitrate is within their power and control.

27.

Any damages flowing from Respondents' breach of the contract to arbitrate which Petitioners might recover at law would not constitute adequate compensation for Respondents' non-performance.

28.

Petitioners are therefore entitled to an Order requiring specific performance of Respondents' obligations under the arbitration agreement, including but not limited to paying all AAA administrative fees and arbitrator compensation.

**WHEREFORE,** Petitioners demand judgment as follows:

a) an Order compelling Respondents to proceed to arbitration in accordance with the terms of the applicable arbitration agreements;

b) Mandatory injunctive relief in the form of an order compelling specific performance of Respondents' obligation to proceed to arbitration in accordance with the terms of the arbitration policy, specifically including the payment of all necessary fees to AAA and arbitrator compensation;

c) Such other and further relief as the Court deems just under the facts and circumstances;

Respectfully submitted this 8th day of February, 2017.

/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709

MILLER LEGAL, P.C.
3646 Vineville Avenue
Macon, Ga., 31204
(404) 931-6490
hmiller@millerlegalpc.com