IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHANIE KUYKENDALL,
HAILEY LYTLE, ROWAN
McCOY, ZOE WALKER,
JASMINE DURDEN, and
JACHURA LAWTON,

               Petitioners,

    v.

TROP, INC. d/b/a PINK PONY,
PONY TAIL, INC. d/b/a CLUB
ONYX, TERI L. GALARDI,
Individually and in her capacities of
President and Owner of Trop, Inc.
and President and CEO of Pony Tail,
Inc., MIKE KAP, Individually,
RICK HAYES, Individually, and
JEFF JONES, Individually,

               Respondents.

1:17-cv-462-WSD

## OPINION AND ORDER

This matter is before the Court on Respondents' Mike Kap, Rick Hayes, Jeff

Jones, Trop, Inc. and Pony Tail, Inc. (collectively, the "Respondents") Motion to

Dismiss for Insufficiency of Process [12] ("Motion to Dismiss") and Respondent

Teri Galardi's Motion to Quash Service of Summons [13] ("Motion to Quash").

Also before the Court is Petitioners' Stephanie Kuykendall, Hailey Lytle, Rowan

McCoy, Zoe Walker, Jasmine Durden, and Jachura Lawton ("Petitioners") Motion

to Strike Respondent Galardi's Motion to Quash Service [14] ("Motion to Strike")

and Out-of-Time Motion for Leave to File Memorandum of Law in Opposition to

Respondents' Motion to Dismiss [22] ("Motion for Leave to File Out-of-Time

Response").

## I.      BACKGROUND

On February 7, 2017, Petitioners filed their Complaint to Compel

Arbitration and for Specific Performance [1] alleging violations of 9 U.S.C. § 4 for

Respondents' alleged failure and refusal to arbitrate claims arising under the Fair

Labor Standard Act ("FLSA") in accordance with the terms of the parties'

arbitration agreement.  ([1] ¶¶ 23-24).  Petitioners argue that Respondents

misclassified them as "independent contractors," when they should have been

treated as "employees"—thereby failing to pay them the minimum wages specified

by the FLSA.  ([1] at 7).  Petitioners also seek an order "requiring specific

performance of Respondents' obligations under the arbitration agreement,

including but not limited to paying all AAA administrative fees and arbitrator

compensation."  ([1] ¶¶ 25-28).

On May 12, 2017, Respondents Mike Kap, Rick Hayes, Jeff Jones, Trop,

Inc. and Pony Tail, Inc. filed their Motion to Dismiss pursuant to Rule 4(m) of the

Federal Rules of Civil Procedure arguing that Petitioners failed to perfect service

of process within 90 days of filing the Complaint.  On May 15, 2017, Respondent

Teri Galardi filed her Motion to Quash Service of Summons claiming that it was

improper to try to serve her during a deposition in which she was participating.

She claims the case in which the deposition was taken was a matter unrelated to

this action.  On May 18, 2017, Petitioners filed their Motion to Strike,[1] and on

May 30, 2017, Petitioners filed their Motion for Leave to File Out-of-Time

Response.

## II.    DISCUSSION

      A.      <u>Respondents' Motion to Dismiss for Insufficient Service of Process</u>

            1.      <u>Legal Standard</u>[2]

"A plaintiff is responsible for serving the defendant with both a summons

---

[1]     Petitioners concede that their Motion to Strike is improper because "motions to strike" are applicable only to pleadings, and not motions.  (Response in Opposition to Respondent Galardi's Motion to Quash Service [18] at 8); <u>see</u> Fed. R. Civ. P. 12(f) and Rule 7(a).  Petitioners thus ask the Court to "simply deny" Respondent Teri Galardi's Motion to Quash instead of striking it.  ([18] at 8).  The Court denies Petitioners' Motion to Strike as moot.

[2]     Because this is an arbitration matter, the Court looks to 9 U.S.C. § 4 for guidance regarding the applicability of the Federal Rules of Civil Procedure.  It dictates that the petitioner must provide "[f]ive days' notice in writing of such application [to] be served upon the party in default."  <u>See</u> 9 U.S.C. § 4.  "Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure."  <u>Id.</u>

and the complaint within the time permitted under Rule 4(m)." <u>Anderson v. Osh</u>

<u>Kosh B'Gosh</u>, 255 F. App'x. 345, 347 (11th Cir. 2006).  Rule 4(m)  provides:

> **Time Limit for Service.**  If a defendant is not served within 90 days
> after the complaint is filed, the court—on motion or on its own after
> notice to the plaintiff—must dismiss the action without prejudice
> against that defendant or order that service be made within a specified
> time.  But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); <u>see</u> <u>Lepone-Dempsey v. Carroll Cnty. Comm'rs</u>, 476 F.3d

1277, 1281 (11th Cir. 2007).

Under Rule 4(e), service of process may be effected on an individual in one

of four ways:  first, by serving the defendant with process in accordance with

Georgia law; second, by delivering to the defendant personally a copy of the

summons and complaint; third, by leaving a copy of each at the defendant's

"dwelling or usual place of abode," under certain proscribed conditions; or finally,

by leaving a copy of each with an "agent authorized by appointment or by law to

receive service of process."  Fed. R. Civ. P. 4(e).  Georgia law regarding personal

service of process mirrors the federal rules:

> Service shall be made by delivering a copy of the summons attached
> to a copy of the complaint . . . to the defendant personally, or by
> leaving copies thereof at the defendant's dwelling house or usual
> place of abode with some person of suitable age and discretion then
> residing therein, or by delivering a copy of the summons and
> complaint to an agent authorized by appointment or law to receive
> service of process.

O.C.G.A. § 9-11-4(e)(7).  Under Georgia law, "[m]ailing a copy of [a] petition or complaint does not [ordinarily] constitute service of process."  Camp v. Coweta Cnty., 625 S.E.2d 759, 761, n.2 (Ga. 2006).

Rule 4(h) requires plaintiffs to serve a corporate defendant in one of two ways.  First, the defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B); see Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009).  Second, "a plaintiff may use any method of service allowed in the state where the district court is located or where service is made."  Dyer, 318 F. App'x at 844.  "Under Georgia's Civil Practice Act, service of process must be made on a corporation by personally serving 'the president or other officer of such corporation or foreign corporation, managing agent thereof, or a registered agent thereof.'"  Hunt v. Nationstar Mortg., LLC, 684 F. App'x 938, 940-41 (11th Cir. 2017) (quoting O.C.G.A. § 9-11-4(e)(1)(A)); see Clarke v. LNV Corp., No. 3:14-CV-139-TCB-RGV, 2015 WL 11439083, at *4 (N.D. Ga. Apr. 6, 2015).  "However, if service on the listed agents cannot be had, the Georgia secretary of state is deemed an agent of the corporation for purposes of service of process."  Hunt, 684 F. App'x at 941.  "To perfect service on the secretary of state, the

plaintiff must deliver a copy of the process to the secretary of state or other agent

designed by the secretary of state along with a copy of the affidavit to be submitted

to the court pursuant to the Civil Practice Act." Id.

"Service of process that is not in 'substantial compliance' with the

requirements of the Federal Rules is ineffective to confer personal jurisdiction over

the defendant, even when a defendant has actual notice of the filing of the suit."

Abele v. City of Brooksville, Fla., 273 F. App'x. 809, 811 (11th Cir.

2008); see Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)

("Service of process is a jurisdictional requirement: a court lacks jurisdiction over

the person of a defendant when that defendant has not been served."). "Good

cause" for insufficient service exists "only when some outside factor, such as

reliance on faulty advice, rather than inadvertence or negligence, prevented

service." Lepone-Dempsey, 476 F.3d. at 1281. "Even in the absence of good

cause, a district court has the discretion to extend the time for service of process."

Id. "Relief may be justified, for example, if the applicable statute of limitations

would bar the re-filed action, or if the defendant is evading service or conceals a

defect in attempted service." Id. at 1282.

2.     Analysis

First, the record is entirely devoid of any evidence establishing that service

of process was perfected on the Individual Respondents.  Petitioners in fact

concede that they do not oppose the Motion to Dismiss as to Respondents Kap,

Hayes, and Jones.[3]  (Motion for Leave to File Out-of-Time Response at n.1).  The

Court thus grants the Motion to Dismiss as to the Individual Respondents.

Second, Petitioners allege that, after attempting three times to personally

serve the Corporate Respondents' registered agent, Dennis Williams, at the address

specified in the records of the Secretary of State, on March 29, 2017, they sent by

certified U.S. mail copies of the summons and complaint.  ([22.1] at 2).  Petitioners

argue that they perfected service pursuant to the second means by which they were

permitted to serve a corporate defendant—using any method of service allowed in

---

[3]     A response to Respondents' Motion to Dismiss was due no later than May
26, 2017.  See LR 7.1(B), N.D.Ga.  On May 30, 2017, Petitioners moved for leave
from the Court to file an untimely response to the Motion to Dismiss.  "A district
court must be able to exercise its managerial power to maintain control over its
docket," and, absent good cause for an extension, the Court's deadlines must be
enforced.  Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004).
Although the Court notes that Petitioners do not provide a particularly good
explanation regarding their delay, the Court finds that a delay of merely one day is
excusable and does not prejudice Respondents.  The Court grants the Motion for
Leave to File Out-of-Time Response.

the state where the district is located.  Petitioners contend that Georgia law

authorizes an alternative means of service in those situations where a corporation's

registered agent cannot with reasonable diligence be served.  Petitioners

specifically point to O.C.G.A. § 14-2-504(b), which provides:

> If a corporation has no registered agent or the agent cannot with
> reasonable diligence be served, the corporation may be served by
> registered or certified mail or statutory overnight delivery, return
> receipt requested, addressed to the secretary of the corporation at its
> principal office.

Petitioners assert that they were entitled to serve process via certified or

registered mail, pursuant to § 14-2-504(b), because they exercised "reasonable

diligence" in attempting, on three separate occasions, to serve the Corporate

Respondents' registered agent, including:

> On March 13, 2017 at approximately 2:30[]pm service was attempted
> on the registered agent of Trop Inc and Pony Tail, Inc. on their
> registered agent for service Mr. Dennis Williams at 2555 Chantilly
> Drive, Atlanta, Georgia, 30324, by Process Server Tabitha Baker.  As
> reflected in the Declaration of Service executed by process server
> Tabitha Baker, the individual at the front reception area informed her
> that Mr. Williams was not in.  Ms. Baker asked if Mr. Williams was in
> the office regularly and the reply was he did not know because there
> were a bunch of different clubs and did not know when to expect him
> back in the office.

> On March 27th at approximately 3:30 service was once again
> attempted on the registered agent of Trop, Inc. and Pony Tail, Inc.,
> Mr. Dennis Williams, at 2555 Chantilly Drive, Atlanta, Georgia,
> 30324, by process server Tabitha Baker.  On March 28th 2017 at
> approximately 1pm service was attempted on the registered agent of

8

> Trop, Inc. and Pony Tail, Inc., Mr. Dennis Williams, at 2555 Chantilly Drive, Atlanta, Georgia, 30324, by Process Server Michael Campo. Mr. Campo was stopped by a security guard and denied entry to the location.  Mr. Campo asked if Mr. Williams was in and the security guard stated he was not.  The process served asked if Mr. Williams still keeps an office as the registered agent for Pink Pony and Onyx at the building and the security guard again replied he was not in. The process server asked when Mr. Williams would be back in and the security guard stated again that he was not in.

([23] ¶¶ 5-11).

The Court finds that these attempts do not exhibit "reasonable diligence." Although Petitioners admittedly exercised some degree of diligence in sending process servers to the Corporate Respondents' registered agent's address on three separate occasions, they fail to allege, or submit evidence, showing that they made any other attempts or investigation into the registered agent's whereabouts. Petitioners did not attempt to locate the registered agent at another location that he might reasonably have been expected to be at.  For example, Petitioners could have attempted to locate the registered agent at Respondents' night clubs as indicated by the receptionist on the first attempt.  Petitioners also could have attempted service during other hours of the day, and not just during the afternoon.  The Court therefore grants Respondents' Motion to Dismiss as to the Corporate Respondents Trop, Inc. and Pony Tail, Inc.

B.      Respondents' Motion to Quash

Individual Respondent Galardi moves to quash service of summons upon her

in this matter.  On March 29, 2017, during a deposition in the office of

Respondents' counsel "in a separate, unrelated arbitration proceeding, Petitioners

attempted to personally serve Respondent [] Galardi with a summons and copy of

the [p]etition in this [p]roceeding."  ([13] at 2).  Galardi argues that "[s]ervice of

the summons . . . should be quashed because a witness, while in attendance in

deposition in one legal proceeding is immune from service of process in another."

(Id.).

Galardi relies on Lamb v. Schmitt—a U.S. Supreme Court case from 1932—

to support her argument that she is entitled to immunity from service of process.

285 U.S. 222, 224 (1932).  In Lamb, the Supreme Court affirmed the district

court's holding that a nonresident voluntarily appearing in another state for a

judicial proceeding in a related suit was not immune from service of process.  Id. at

228.  The Court noted, however, that "the due administration of justice requires

that a court shall not permit interference with the progress of a cause pending

before it, by the service of process in other suits, which would prevent, or the fear

of which might tend to discourage, the voluntary attendance of those whose

presence is necessary or convenient to the judicial administration in the pending

10

litigation." Id. at 227. The immunity conferred by the court is "extended or withheld only as judicial necessities require." Id. at 225-26, Long v. Ansell, 293 U.S. 76 (1934).

Galardi contends that, as a nonresident of the Northern District of Georgia, she was entitled to immunity from service of process when she appeared for a deposition in "two unrelated legal proceedings: Lauren Roberts, et al. v. Trop, Inc. and Teri Galardi v. Latoya Becton, et al. v. Country Club, Inc. and Teri Galardi, both private arbitration proceedings pending before Arbitrator George Reid." ([13] at 3). Galardi states that "[t]here is no relationship between this civil action and the private arbitration proceedings during which [p]etitioners attempted to serve [her]." (Id.). Galardi provides no additional information regarding the relatedness of the arbitration proceedings.

Petitioners argue, however, that the arbitration proceedings are "intimately related" to this action and involve "other, identically situated Pink Pony exotic dancers." ([18] at 1). Petitioners state in their Response to the Motion to Quash that, "[a]s with the claims in this case, the Roberts and Bechton cases arise from Respondent Galardi's Atlanta-based operation of various strip clubs in and around Atlanta, and Galardi's decision to unlawfully characterize dancers/entertainers working at those establishments as 'independent contractors.'" ([18] at 4). They

11

provide, as an exhibit to their Response to the Motion to Quash, the deposition

transcript from the day Galardi was served.  Upon careful review, the transcript

indicates the arbitration proceedings involved FLSA claims by exotic dancers

previously employed in Galardi's night clubs.  The deposition testimony includes

the following:

> Q:    What acts, Mrs. Galardi, have you undertaken, after you
>        inherited your interest in these adult entertainment clubs, to
>        make sure they complied with FLSA as to entertainers?
> A:    I don't deal with the entertainers.
> . . .
> A:    Are you asking me whether or not I think these girls are
>        independent contractors, if they're entertainers—are you asking
>        that?  How I feel about that, is that what you're asking me, my
>        opinion and how I feel about that?
> . . .
> A:    They're entertainers.  They're independent contractors.  Just
>        like a comedian you would hire in a club or a singer you would
>        hire in a club . . . .

([18.2] at 44:15-19, 80:25-81:4, 81:25-82:4).  The Court concludes the arbitration

proceedings, like in Lamb, are sufficiently related to this action such that service

upon Galardi did not entitle her to immunity.[4]  The matters involve similar

---

[4]    As explained in Lamb and Ansell, the "immunity" from service exception is discretionary, and the Court finds that even if the actions were not related, Galardi would not be entitled to immunity from service of process.  Lamb, 285 U.S. at 225-26; see also Ansell, 293 U.S. at 76.

allegations, similar facts, and at least two of the same parties.[5]  Respondent

Galardi's Motion to Quash is therefore denied.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioners' Stephanie Kuykendall,

Hailey Lytle, Rowan McCoy, Zoe Walker, Jasmine Durden, and Jachura Lawton

Motion to Strike Respondent Galardi's Motion to Quash Service [14] is **DENIED**

**AS MOOT**.  **IT IS FURTHER ORDERED** that Respondent Teri Galardi's

Motion to Quash Service of Summons [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioners' Out-of-Time Motion for

Leave to File Memorandum of Law in Opposition to Respondents' Motion to

Dismiss [22] and Respondents' Mike Kap, Rick Hayes, Jeff Jones, Trop, Inc. and

---

[5]      "There is generally no immunity from service of process when the suit in
which the immunity is sought is part of, or a continuation of, the suit for which the
person claiming immunity is in the jurisdiction."  See 4A Charles A. Wright &
Arthur R. Miller, Federal Practice and Procedure § 1080 (4th ed. 2017); see also
ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1460 (10th Cir. 1995)
(affirming denial of immunity where relatedness between civil action and
arbitration proceedings "involv[ed] the same facts and most of the same
allegations"); McDonnell v. American Leduc Petroleums, Ltd, 456 F.2d 1170 (2d
Cir. 1972) (holding immunity not proper where "two proceedings involve
vindication of the same cluster of rights and interests").

Pony Tail, Inc. Motion to Dismiss for Insufficiency of Process [12] are

**GRANTED**.

      **IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as to Respondents Mike Kap, Rick Hayes, Jeff Jones, Trop, Inc. and Pony Tail, Inc.

      **SO ORDERED** this 9th day of November, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE