**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **STEPHANIE KUYKENDALL,** | * | |
| **et. al.,** | * | |
| | * | |
| **Petitioners,** | * | |
| | * | **CIVIL ACTION FILE** |
| **v** | * | **1:17-CV-00462-WSD** |
| | * | |
| **TROP, INC. et al,** | * | |
| | * | |
| **Respondents,** | * | |

**PETITIONERS'  MOTION FOR RECONSIDERATION OF ORDER
DATED  NOVEMBER 9, 2017 DISMISSING RESPONDENTS TROP, INC.
AND PONY TAIL, INC.  AND BRIEF IN SUPPORT THEREOF**

NOW COME the Petitioners, and pursuant to Fed. R. Civ. P. 59(e)  and Local Rule 7.2(e), hereby move the Court to reconsider the Order dated November 9, 2017 [ECF 27] dismissing Respondents Pony Tail, Inc., and Trop, Inc. based on a finding that three attempts to effectuate personal service  were insufficient  to demonstrate the "reasonable diligence" required by O.C.G.A. §14-2-504(b) in order to authorize substituted  service. To the extent the Court confirms its prior holding, Petitioners request that the Court modify the Order so as to authorize Petitioners to effect service within twenty-one  (21) days of the Court's Order on this motion. The grounds supporting this motion are set forth below.

-1-

I   **Procedural Posture and Factual Background**

Prior to the filing of this action, the corporate respondents participated in an arbitration proceeding before the American Arbitration Association, engaging in discovery and participating in the arbitration for a period of months before they abruptly decided to stop paying AAA's fees and costs, and thereby necessitate the filing of this lawsuit. [ECF 1-1; 1-3; 1-4; 15]. Clearly, the corporate respondents had actual notice of the legal claim Petitioners advance in this lawsuit due to their participation in the arbitration. In addition, copies of the Complaint and Summonses in this action were served on Defendants' Counsel via e-mail at the inception of this lawsuit. [ECF 22-2]

This action was filed on February 7, 2017. [ECF 1] After Counsel for the corporate Respondents refused to accept service, Petitioners attempted to effect personal service on the corporate Respondents' registered agent for service (Dennis Williams, who is also the Secretary of both Corporations) at their registered office address (2555 Chantilly Drive, Atlanta, Ga., 30324) not once, not twice, but on three occasions (March 13, 2017; March 27, 2017, and March 28, 2017) [ECF 27, pp. 8-9; ECF 20; ECF 21]. On the first two occasions, the process server was told that Williams was not present. [ECF 20] On the third occasion, the process server was barred from entering the registered office by a 6'2", 220 pound security guard, who

stated that Williams was not present, but refused to confirm whether Williams still maintained an office at the location, and to state when Williams would be returning. [ECF 21]

After the third unsuccessful effort to effect personal service, on March 29, 2017, Petitioners, reasonably concluding that the corporate Respondents were deliberately evading service,[1] employed the alternative service provision specified in O.C.G.A. §14-2-504(b). [ECF 23, ¶¶12-13; ECF 19, pp. 4-8] This was accomplished by way of mailing, via certified mail, copies of the summonses and complaint to the corporate Respondents' registered agent (Dennis Williams) at the corporate Respondents' registered office.

In pertinent part, §14-2-504(b) provides as follows:

> If a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office.

On May 12, 2017, Respondents moved the Court to dismiss the corporate Respondents due to a purported failure of service. [ECF 12] *Notably, Respondent's*

---

[1] See, Davis v. Frederick J. Hanna and Associates, 7506 F.Supp.2d 1322, 1324 (N.D. Ga.2007)(Duffey, J)(noting particular appropriateness of substituted service "where it appears that Defendant is in the habit of evading service of process, and Defendant clearly has knowledge of the Complaint...".)

*motion deceptively omits altogether the fact that Petitioners mailed, via registered mail, copies of the summonses and complaint to the corporate respondents' registered agent (Dennis Williams) at the corporate Respondents' registered office, all as authorized by §14-2-504(b).* Pretending, however, is not sufficient.

At no time during this litigation have the corporate Respondents ever argued that three attempts to personally serve a corporate Respondents' registered agent at it's registered office fails to constitute "reasonable diligence" within the meaning of §14-2-504(b). Nonetheless, in the November 9, 2017 Order, the Court concluded, without encouragement from the Respondents, that three attempts to personally serve a corporation's registered agent at the corporation's registered office is insufficient to demonstrate the "reasonable" diligence" required by O.C.G.A. §14-2-504(b) prior to resorting to substituted service via registered mail. [ECF 27, p. 9]

The Court's rationale was this and this alone: Petitioners could have, but did not, attempt to effect personal service on Williams elsewhere than the corporation's registered office:

> Although Petitioners admittedly exercised some degree of diligence in sending process servers to the Corporate Respondents' registered agent's address on three separate occasions, they fail to allege, or submit evidence, showing that they made any other attempts or investigation into the registered agent's whereabouts. Petitioners did not attempt to locate the registered agent at another location that he

> might reasonably have been expected to be at. For example, Petitioners could have attempted to locate the registered agent at Respondents' night clubs as indicated by the receptionist on the first attempt. Petitioners also could have attempted service during other hours of the day, and not just during the afternoon. The Court therefore grants Respondents' Motion to Dismiss as to the Corporate Respondents....

Id. The Court's discussion included no examination of pertinent law, including Georgia law addressing  the term "reasonable diligence".

Respectfully, the Court's conclusion that three attempts to personally serve the corporate Respondents' registered agent for service at the corporation's  registered office were insufficient to demonstrate the "reasonable diligence" required by O.C.G.A. §14-2-504(b), because the registered agent might theoretically have been served elsewhere  was an incorrect application of Georgia law, and should be reversed.

**II     Applicable Legal Standard**

"District courts in this Circuit have identified three [grounds]  that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Gold Cross EMS v Children's Hospital of Alabama, 108 F.Supp.3d 1376, 1379 (S.D. Ga. 2015), quoting, Ctr. for Biological Diversity v.

<u>Hamilton</u>, 385 F.Supp.2d 1330, 1337 (N.D.Ga.2005).  The instant motion is premised on the third specified ground: the Order constituted "clear error."

**III**     **Argument And Citations Of Authority**

    **A**     **The Policies Underlying The Registered Agent And Registered Office Requirements**

O.C.G.A. §14-2-501 provides in pertinent part as follows: each corporation must continuously maintain in this state:

    (1)    A registered office that may be the same as any of its places of business; and

    (2)    A registered agent, who may be...a person who resides in this state and ***whose business office is identical with the registered office;***

As the Supreme Court of Georgia has observed, "A corporation is required to have and *continuously* maintain a registered office and agent." (Emphasis in original). <u>S. Donald Norton Properties, Inc., v. Triangle Pacific, Inc.</u>, 253 Ga. 761, 325 S.E.2d 160 (1985) Importantly, the address of the corporation's  registered office and the address of the corporation's  registered agent are required to be the same. <u>Coastal Transport v. Tillery</u>, 270 Ga.App. 135605 S.E.2d 865 (2004)("The registered agent...must be located at the registered office of the corporation."); <u>WBC Holdings, Inc. v Thornton</u>, 213 Ga.App. 48443 S.E.2d 686, n.1  (1994)("Pursuant to OCGA § 14-2-501, the registered agent's business office must be the corporation's registered office.")

The purpose  underlying the complimentary registered agent and registered

office requirements is clear. According to the Note accompanying §14-2-501,

> The requirement that a corporation continuously maintain
> a registered office and a registered agent at that office is
> **based on the premises that at all times a corporation
> should have an office where it may be found and a person
> at that office on whom any notice or process required or
> permitted by law may be served.**

In other words, Georgia law

> requires corporations to maintain registered agents and
> registered offices as a condition of doing business in
> Georgia, *so as to make it simple to be served and so as to
> make it virtually impossible to evade service of
> process...We will not impose any burden upon plaintiffs
> to prove that they did not know where the registered agent
> might otherwise be found, and we will not allow remiss
> corporation defendants to suggest that plaintiffs ought to
> have known where they could be found...*

Frazier v HMZ Property Management, Inc, 161 Ga.App. 195, 291 S.E.2d 4 (1983);

American Consolidated Service Corp v. Nationwide Mutual Ins, 156 Ga.App. 193,

273 S.E.2d 898 (1980)(same).  "As a condition of doing business in Georgia,

corporations "must abide by requirements (of §14-2-501) designed to make it simple

for a plaintiff to achieve service on a domestic corporation." O'Neal Const. Co. v.

Lexington Developers, 240 Ga. 376, 378, 240 S.E.2d 856 (1977)

The November 9 Order overlooks the  policies served by § §14-2-510  by:  1)

imposing on the Petitioners a burden to undertake actions not required under Georgia law, i.e, service on the corporation at a location other the registered office, after multiple efforts to personally serve the registered agent at that location;  and 2) immunizing corporations who seek to avoid service by not maintaining a registered agent at the registered office.  See, O'Neal, supra ("nothing in any statute...requires that other methods of service be exhausted before the Secretary of [the corporation] may be served.")

**B      Respondents Bear The Burden To Prove That The Court
        <u>Lacks Personal Jurisdiction To Adjudicate Petitioners' Claims.</u>**

By challenging sufficient service, Respondents are arguing that the Court lacks personal jurisdiction to entertain Petitioners' claims.  <u>Stamps v. BankSouth, NA</u>, 221 Ga.App. 406, 471 S.E.2d 323 (1996);  <u>Pardazi v. Cullman Med. Ctr.</u>, 896 F.2d 1313, 1317 (11th Cir. 1990). It is settled law that the party contesting personal jurisdiction bears the burden or proof to show that such jurisdiction is lacking, and that any disputes of fact in the written submissions supporting and opposing the motion to dismiss are resolved in favor of the party asserting the existence of personal jurisdiction. <u>HTL Sp.v. Nisho Corp.</u>,  245 Ga.App. 625, 538 S.E.2d 525 (2000). Likewise, "the party challenging the sufficiency of service....bears the burden of establishing the insufficiency".  <u>Kante  v. Countrywide Home Loans</u>, 2010 WL

-8-

11509357 (N.D. Ga. 2010)

As noted above, at no time during this proceeding did  the corporate Respondents assert or argue that Petitioners failed to exercise "reasonable diligence" in attempting to effect personal service sufficient, so as  to authorize alternative service under O.C.G.A. §14-2-510.  Rather than raising any such issue,  they instead deceptively implied that service under §14-2-510 was never even attempted. [ECF 12, p.6, n.2] Petitioners, therefore, were never called upon to respond to any claim of  a supposed lack of "reasonable diligence" The Court should plainly reconsider its *sua sponte* ruling on this point, in light of the authorities contained herein.

**C     As A Matter of Law, Petitioners' Three Attempts To Effect Personal Service Satisfiied  The Requirement Of "Reasonable Diligence" Sufficient To Authorize Substituted Service.**

Because Respondents never argued in their motion that Petitioners failed to demonstrate "reasonable diligence", Plaintiffs have not previously been heard on that point.  And, critically,  the November 9 Order fails to include any discussion of pertinent legal authority.  For this reason, because the Order constitutes plain error, and   in order to avoid manifest injustice,  the Court should reconsider it's prior holding,  and consider and  follow the decisions cited below.

Neither the applicable  statute (§14-2-510) nor Georgia case law define the term "reasonable diligence"  nor  specify how–or  how many times---a plaintiff  must

attempt to effect personal service before resorting to substituted service. Nonetheless, the law in at least one jurisidiction—California—is absolutely clear:

> Ordinarily, ... two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.

Brein v. Bechtel-Jochim Group, Inc., 6 Cal.App.4th 1387, 1391-92, 8 Cal.Rptr.2d 351(Ca. Ct. App. 1992);  Espindola v Nunez,   199 Cal.App.3d 1389, 1392,   245 Cal.Rptr. 596 (Ca. Ct. App. 1988) (same);  Hearn v. Howard ,177 Cal.App.4th 1193, 1202 (Ca. Ct. App. 2009) (same); Quartz Hill LLC v. Linton, 2013 WL 5176375 (Ca. Ct. App. 2013); Mechanical Marketing, Inc., v Sixon Precision, 2011 WL 4635546 (N.D. Ca. 2011)(same).  Cases from other jurisdictions applying California law are to the same effect. Global Impex, Inc. v Specialty Fibers, LLC, 77 F.Supp.3d 1268, 1270 (N.D. Ga. 2015); Louis v. Roger Gladstone Law, 2013 WL 12145975 (S.D. Fl. 2013)(same)

Analogous   decisions applying Georgia law are to the same effect: three attempts to effect   personal service on a specified corporate officer demonstrates "reasonable diligence" sufficient to authorize substituted service under Georgia law. See,  Kante v. Countrywide Home Loans, 2010  WL  11520068  (N.D.Ga. 2010)(applying Georgia law, holding three attempts to effect personal service

sufficient to demonstrate "reasonable diligence", thereby authorizing substituted service); Kante v. Countrywide Home Loans, 2010 WL 11509357 (N.D. Ga. 2010) (same).

Other pertinent Georgia decisions are to the same effect. See, Frazier v. HMZ, 161 Ga.App. 195, 291 S.E.2d 4 (1982) (Sheriff's single attempted to effect personal service returned sufficient to show "reasonable diligence"); D&C Trading Co v Indian Products, LTD, 179 Ga.App. 198345 S.E.2d 865 (1986) (same); D.C. Trading Inc v Indian Products Inc, 179 Ga.App. 198, 345 S.E.2d 865 (1986) (same); B&B Quick Lube v.  283 Ga.App. 299,  614 S.Ed.2d 198 (2007) (attempted service by Sheriff on three occasions sufficient to demonstrate reasonable diligence); Lee v Kim, 275 Ga.App. 891, 622 S.E.2d 99 (2005) (Plaintiff's providing correct address to Sheriff constitutes "reasonable diligence); Jackson v Nguyen, 225 Ga.App. 599484 S.E.2d 337 (1997)(same); Bennett v Matt Gay, 200 Ga.App. 348,  408 S.E.2d 111 (1998); (Providing correct address to Sheriff when complaint filed is reasonable diligence)(same) Indeed, under certain circumstances, a single effort to effect personal service is sufficient to demonstrate "reasonable diligence." O'Neal Const. Co.  v.  Lexington Developers, 240 Ga. 376, 378, 240 S.E.2d 856 (1977) (one attempted service on registered agent  sufficient where he was out of state); Vasile v. Addo, 341 Ga.App. 236, 800 S.E.2d 1 (2017) (one effort to effect service sufficient

where registered agent was in jail); <u>McClendon v 1152 Spring Street</u>, 225 Ga.App. 333, 484 S.E.2d 40 (1997)  (four attempts to personally serve at registered office sufficient as a matter of law)

In light of the above referenced cases, the Court should hold,  as matter of law that Petitioners' three attempts to effect service on Respondents' registered agent at their registered office were, as a matter of law, sufficient to demonstrate "reasonable diligence."

**D       Whether Petitioners Could Have Attempted To Serve Respondents' Registered Agent At Locations Other Than Respondents' Registered Office Is Utterly Irrelevant to the "Reasonable Diligence" Inquiry.**

As noted above, the sole basis identified by the Court to support the  holding that Petitioners failed to demonstrate "reasonable diligence" was the they could have attempted to serve Respondents' registered agent somewhere else besides at Respondents' registered office. [ECF 27, p.9] This rationale constitutes reversible error.[2]

---

[2]The records  of the Secretary of State of Georgia  reveal that at the pertinent times, the corporate Respondents' Secretary and registered agent for service, Dennis Williams, served in the capacities  for three corporations operating strip clubs in Atlanta: Respondents Pony Tail, Inc (Club Onyx)(Atlanta) (1888 Cheshire Bridge Rd., Atlanta, Ga.); Trop, Inc. (Pink Pony) (1837 Corporate Blvd., Atl., Ga.);  and Country Club, Inc. (Goldrush)(2608 Metropolitan Parkway, Atlanta, Ga.)  The Court's analysis on potential other means of personally serving Williams fails to take into account the utter  unfeasibility of engaging process servers to sit in the parking lots of three different strip  clubs spread across the Atlanta metro area,  in hopes that Williams might show up, be recognized, and be available to accept service.

As noted above, Georgia law requires corporations to continuously maintain a registered agent for service, and a registered office, and the two must be located at the same location.  Coastal Transport v. Tillery, supra; WBC Holdings, Inc. v Thornton, supra   The pertinent case law makes clear that Plaintiffs may rely on these requirements, and attempt to effect service via service on the corporation by serving the registered agent at the registered office. Simply stated, the Court is not free to impose additional "diligence" requirements, by hypothesizing other measures the Plaintiff could have undertaken to serve the registered agent at other locations.  See, Bricks v. Walker Showcase, Inc. 255 Ga. 122, 336 S.E.2d 37 (1985) wherein the Georgia Supreme Court held that "if service is sought under the Corporation Code, it is immaterial that the agent could be located and served at some other place in the state." See also, Frazier v. HMZ Property Management Inc. (1982), 161 Ga.App. 195, 291 S.E.2d 4 (1982) ( "when a plaintiff cannot with reasonable diligence find the registered agent at the registered office, he is expressly relieved of any burden to exhaust other methods of service."); D. & C. Trading Co. v. Indian Products, Ltd (1986), 179 Ga.App. 198, 345 S.E.2d 865 (1986) (where registered agent not found after reasonable diligence at registered office, [alternative] service....proper without regard to how easily registered agents new address might have been located).  See also,  BLS Development v Lopez, 359 S.W.3d 824 (Tx. Ct. App. 2012) ("[t]he

process server was not required to attempt to find the registered agent at any other address than the address for the registered office The statute does not require that an attempt be made to find the registered agent at any other place than at the entity's registered office...the process server's attempts to find the registered agent at the second address, or at any other address, were unnecessary and are irrelevant...");
Dutch Farm Meats v Horizon Foods, 275 Ill.App.3d 322655 N.E.2d 1012 (Il. Ct. App. 1995)(same)

In light of these authorities, the Court should revisit and reverse it's prior holding that Petitioners' failure to attempt service on Williams at other locations than the registered office constituted a failure of "reasonable diligence."

**E**      **In The Alternative, The Court Should Enter An Order Authorizing Petitioners To Effect Service Within Twenty-One (21) Days.**

Fed. R. Civ. P. 4 (m) provides that a Court may dismiss a case for lack of service if the Complaint is not served within 90 days of the filing of the Complaint. Alternatively, exercising its discretion,  the Court may extend the time in which to effect service "within a specified time", even in the absence good cause.  Horenkamp v. VanWinkle,  402 F.3d 1129, 1132 (11th Cir. 2005)  Where the plaintiff shows "good cause" for the failure to serve, the Court is required to extend the time for service "for an appropriate period." In this case, Petitioners request that the Court

extend the time for effecting service for a period of 21 days from the date of the Court's Order ruling on this motion.

As this Court has observed, where a Plaintiff attempts to serve a corporate defendant via service on its registered agent at its registered office, but is unable to effectuate service, the Plaintiff may effectuate  service via substitute service on the Georgia Secretary of State, with no showing of "reasonable diligence" required. Davis v. Frederick J. Hannah & Associates, 506 F.Supp.2d 1322 (N.D. Ga. 2007)(Duffey, J.) (no showing of reasonable diligence required  where plaintiff attempts personal service, but is unsuccessful, and effects substitute service on the Secretary of State pursuant to O.C.G.A. §9-11-4-(e)(1)). If the Court extends the time for service, Petitioners shall immediately serve Respondents Pony Tail, Inc., and Trop, Inc. via the Secretary of State.

Should the Court leave it's prior decision in effect, but deny the request for a brief extension of time in which to effect service, Petitioners  will have no choice but to: (1)  re-file this case (as to Respondents Pony Tail, Inc., and Trop, Inc.); (2) serve the lawsuit via service on the Georgia Secretary of State pursuant to  O.C.G.A.§9-11-4(e)(1), which requires no showing of "reasonable diligence", wherein the case alleges the same facts, against the same Defendants, seeks the same relief, and is presented to  the same District Judge.  Such a course, obviously, would be absurd.

**IV**      **Conclusion**

For the foregoing reasons, the Court's November 9, 2017 Order finding that Petitioners failed to demonstrate "reasonable diligence" constitutes "clear error" and would result in "manifest injustice." Accordingly, the Court should reverse that finding.

Respectfully submitted this 7th day of December, 2017.


/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that this document was created using 14 point Times New Roman font size and that a true and accurate copy of the above was filed with the Court's CM/ECF system on December 7, 2017,  which will generate service on all counsel of record.

/s/ Harlan S. Miller
Harlan S. Miller


MILLER LEGAL, P.C.
6868 Leslie Lane
Macon, Ga., 31220
(404) 931-6490
hmiller@millerlegalpc.com