IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE KUYKENDALL<br>KIMBERLY THOMAS,<br><br>    Petitioners,<br><br>v.<br><br>TROP, INC., et al.,<br><br>    Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   1:17-cv-462-AT<br>:<br>:<br>:<br>: |

## **ORDER**

This matter is before the Court on Petitioners' Motion for Reconsideration[1] [Doc. 29] regarding the Court's November 9, 2017 Order granting Respondents' Trop, Inc. and Pony Tail, Inc.'s Motion to Dismiss [Doc. 12][2]. (*See* Doc. 27.) Respondents filed a response opposing Petitioners' Motion. (*See* Doc. 30.)

## **Factual and Procedural Background**

Petitioners are dancers who previously performed at the "Gentlemen's Clubs" Pink Pony and Onyx, owned and controlled by Respondents Teri Galardi, Trop, Inc. and Pony Tail, Inc. According to Petitioners, Respondents required all dancers to sign mandatory arbitration agreements as a condition of their employment at the clubs. However, after Petitioners submitted demands for

---

[1] Petitioners do not seek reconsideration of the dismissal of their claims against the individual Respondents Mike Kap, Rick Hayes, and Jeff Jones.
[2] This case was originally assigned to the Hon. William S. Duffey. Upon his retirement from the Court, the case was reassigned to the undersigned on July 2, 2018.

arbitration with the American Arbitration Association ("AAA"), Respondents failed to pay their portion of the arbitration costs and the arbitration proceedings were terminated. Petitioners then filed this action seeking to compel Respondents to participate in arbitration and pay their portion of the required costs.

After attempting personal service three times on the registered agent of Trop, Inc. and Pony Tail, Inc., Petitioners employed the alternative service provision in O.C.G.A. § 14-2-504(b) by mailing, via certified mail, copies of the summonses and complaint to their registered corporate office. Respondents Trop, Inc. and Pony Tail, Inc. moved to dismiss under Fed. R. Civ. P. 4(m) for Petitioners' failure to perfect service of process within 90 days of filing their Complaint (without acknowledging in their brief the service by mail pursuant to O.C.G.A. § 14-2-504(b)).

On November 9, 2017, Judge Duffey entered an Order granting Respondents' Motion to Dismiss, finding that Petitioners' attempts to personally serve the registered agent of Trop, Inc., and Pony Tail, Inc. at the corporations' registered office on three separate occasions did not exhibit "reasonable diligence" because Petitioners (1) failed to show "they made any other attempts or investigation into the registered agent's whereabouts," (2) did not attempt to locate the registered agent "at Respondents' night clubs," and (3) did not attempt service "during other hours of the day, and not just the afternoon. (Doc. 27 at 9.)

## II. Discussion

Reconsideration should only be granted under narrow circumstances, including where there is a need to correct a clear error of law or fact. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012); *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

Petitioners contend that the Court misapplied Georgia law on service of process on corporations and that the dismissal of their Complaint against Respondents Trop, Inc. and Pony Tail, Inc. constitutes clear error that has resulted in manifest injustice. Petitioners further assert that the Court erred in imposing additional "diligence" requirements contrary to clear precedent from the Georgia Supreme Court.

Under Federal Rule of Civil Procedure 4(e), service of process may be effected by serving the defendant with process in accordance with Georgia law. Fed. R. Civ. P. 4(e). Two provisions of Georgia statutory law provide discrete methods of perfecting service upon domestic corporations: the Civil Practice Act, O.C.G.A. § 9-11-4, and the Georgia Business Corporation Code, O.C.G.A. § 14-2-504. *Bricks v. Walker Showcase, Inc.*, 336 S.E.2d 37, 37-38 (Ga. 1985); O.C.G.A. § 9-11-4 (providing that "[t]he methods of service provided in this Code section are cumulative and may be utilized with, after, or independently of other methods of service. Whenever a statute provides for another method of service, service may be made under the circumstances and in the manner prescribed by the statute or under any other methods prescribed in this Code section"); O.C.G.A. § 14-2-504

3

(providing that "[t]his Code section does not prescribe the only means, or necessarily the required means, of serving a corporation").

The Civil Practice Act provides for service on corporations as follows:

> If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, [service shall be made by delivering a copy of the summons attached to a copy of the complaint] to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service a copy of such process, notice, or demand, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. The plaintiff or the plaintiff's attorney shall certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or registered agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that such corporation or foreign corporation has failed either to maintain a registered office or to appoint a registered agent in this state. . . . Any such service by certification to the Secretary of State shall be answerable not more than 30 days from the date the Secretary of State receives such certification.

O.C.G.A. § 9-11-4(e)(1)(A). The Georgia Business Corporation Code, alternatively, provides the following means for service on corporations:

> (a) A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation.
>
> (b) If a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return

4

> receipt requested, addressed to the secretary of the corporation at its principal office. Service is perfected under this subsection at the earliest of:
>
> (1) The date the corporation receives the mail;
> (2) The date shown on the return receipt, if signed on behalf of the corporation; or
> (3) Five days after its deposit in the mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed.

O.C.G.A. § 14-2-504[3]. The Georgia Supreme Court has held that "both modes of service are reasonable and that neither offends due process." *Bricks*, 336 S.E.2d at 38. Therefore, "[a] plaintiff may serve a defendant corporation by following the directions of the Civil Practice Act ***or*** by following the directions of the Georgia Business Corporation Code." *Id.* (emphasis added).

The Georgia Business Corporation Code requires that each corporation maintain a registered office and a registered agent "as a condition of doing business in Georgia, so as to make it simple to be served and so as to make it virtually impossible to evade service of process." *Frazier v. HMZ Prop. Mgmt. Inc.*, 291 S.E.2d 4, 5 (Ga. Ct. App. 1982) (citing *O'Neal Const. Co. v. Lexington Developers*, 240 S.E.2d 856 (Ga. 1977) (holding that "as a condition of doing business

---

[3] Under the former version of the statute, if service could not be made on the registered agent at its registered office, a duplicate of the process was forwarded to the Secretary of State who served it at the registered office (where the agent previously could not be found). As the Comments to the statute note, "[i]t is unlikely that this arrangement resulted in the copy being forwarded routinely to the corporation." O.C.G.A. § 14-2-504, Comments. As a result, the statute was amended in 2000 to follow the provisions of the Model Business Corporation Code so that "[i]nstead of providing for service on the Secretary of State if service cannot be perfected on the registered agent . . . Section 14-2-504 provides for service by registered or certified mail addressed to the secretary of the corporation at its principal office shown in its most recent annual registration." *Id.*

5

[corporations] must abide by requirements designed to make it simple for a plaintiff to achieve service on a domestic corporation")); *Am. Consol. Serv. Corp. v. Nationwide Mut. Ins. Co.*, 273 S.E.2d 898, 900 (Ga. Ct. App. 1980). "All that is required under the Corporation Code is that the process server make a reasonably diligent effort to serve the registered agent at the registered office of the corporation." *Bricks*, 336 S.E.2d at 38. "When a plaintiff cannot with reasonable diligence find the registered agent at the registered office, he is expressly relieved of any burden to exhaust other methods of service" before resorting to the alternative service means of certified or registered mail to the corporate office. *Frazier v. HMZ Prop. Mgmt. Inc.*, 291 S.E.2d at 5. "If service is sought under the Corporation Code it is immaterial that the agent could be located and served at some other place in this state." *Bricks*, 336 S.E.2d at 38. Georgia courts "will not impose any burden upon plaintiffs to prove that they did not know where the registered agent might otherwise be found, and we will not allow remiss corporation defendants to suggest that plaintiffs ought to have known where they could be found" before plaintiffs are authorized to serve via alternative methods prescribed by the statute. *Frazier*, 291 S.E.2d at 5. Otherwise, "the consequence of such a burden would be to make service of a corporation an entirely uncertain matter in every case and to make evasion of service an easy proposition." *Id.*

The Court has carefully reviewed the arguments for reconsideration raised by Petitioners, thoroughly reviewed the previous Order entered in this case, and finds that reconsideration is warranted. In dismissing Petitioners' Complaint, the

Court failed to properly apply governing Georgia law regarding service of process on Georgia corporations. Georgia statutory and case law make clear that reasonable diligence under O.C.G.A. § 14-2-504 does not require plaintiffs to make attempts to locate a corporation's registered agent at some place other than the corporation's registered office. Although Respondents oppose Petitioners' motion, they fail to address the controlling legal authority that supports reconsideration. For these reasons, the Court finds Petitioners exercised reasonable diligence, as required by O.C.G.A. § 14-2-504, in attempting to serve the Secretary and registered agent of Trop, Inc. and Pony Tail, Inc. at their registered office on three separate occasions during normal business hours. *See Davis v. Frederick J. Hanna & Associates, P.C.*, 506 F.Supp.2d 1322 (2007) (Duffey, J.) (finding that the plaintiff's substitute service sufficient after "Plaintiff attempted to serve Defendant on three separate occasions at the office of its registered agent. When Plaintiff's process server was unable to locate Mr. Hanna, [] she had reason to believe Defendant was attempting to evade service [and] proceeded with substitute service" on the Secretary of State under O.C.G.A. § 9-11-4(e)(1)). As a result, service was perfected under Section 14-2-504(b)(1) as of March 31, 2017, the date Trop, Inc. and Pony Tail, Inc. each "receive[d] the mail" based on the tracking information confirming delivery via certified mail, attached to Petitioners' Amended Declaration of Service. (Doc. 23.)

## III. Conclusion

Accordingly, the Court **GRANTS** Petitioners' Motion for Reconsideration [Doc. 29].  The Motion to Dismiss the claims against Respondents Trop, Inc. and Pony Tail, Inc. for lack of service under Rule 4 is **DENIED** and these Respondents shall be deemed properly served and as proper parties in this action.

**IT IS SO ORDERED** this 4th day of September, 2018.

_____
**Amy Totenberg**
**United States District Judge**